**LIBERTY MUTUAL INSURANCE COMPANY, Metropolitan Property and Casualty Insurance Company, Plaintiffs,**

v.

**Estrella DIAMANTE a/k/a Thea Javier a/k/a Susan Javier a/k/a Christina Reyes a/k/a Thea Reyes, Jerico Dino a/k/a Jay Dino, Magdalena Dino, Allan Perez, Highlands Medical Clinic, P.C., Mercy Medical Clinic, Inc. P.C., St. Peter's**

---

Medical Clinic, P.C., Lomass Management Inc., Blue Eagle Management, Inc., Srey Eng, Somphea Sin a/k/a Lenny Sin, Sarith Srey, Vimuth Van Vang a/k/a Vanna Yang, Harvey Alford, Amantino Lopes, Corey Cutler, Gerard Palma, Linda Whittemore, Noemi Dominguez, New England Rehabilitation, Inc., Defendants.

Civ.A. No. 97–10744–RCL.

United States District Court,
D. Massachusetts.

April 26, 2000.

Bruce Medoff, Alexander J. Cochis, Sharon S. Callahan, David O. Brink, Gerald S. Cohen, Michael C. Cullen, Maura Folan Wason, Smith & Brink, P.C., Quincy, MA, for Liberty Mutual Insurance Co. and Metropolitan Property & Casualty Insurance Co.

Raymond B. Kim, Inman, Steinberg, Nye & Stone, Donald B. Marks, Marks & Brooklier, Los Angeles, CA, Mark Roder, Charles M. Campo, Jr., Campo Anderson, LLP, Boston, MA, for Jerico Dino, Magdalena Dino and Lomass Management, Inc.

John T. Lamond, Hart & Lamond, Lowell, MA, John T. Lamond, Latham, Latham & Lamond, P.C., Reading, MA, for Gerald A. Palma.

John T. Landry, Braintree, MA, for Srey Eng.

Daniel J. Cloherty, William H. Kettlewell, Dwyer & Collora, Boston, MA, for Corey R. Cutler, Esquire.

Elliot M. Weinstein, Boston, MA, for Harvey Alford.

James H. Budreau, Oteri Weinberg & Lawson, Boston, MA, Michael F. Farrington, Quincy, MA, Linda Whittemore, pro se, Waltham, MA, for Linda Whittemore.

Austin Vorasane, Lowell, MA, pro se.

Peter C. Horstmann, Bailey, Fishman & Leonard, Boston, MA, for Lee S. Knight.

Peter B. Krupp, Lurie & Krupp, LLP, Boston, MA, for Da Tran and Chheath Sprey.

George F. Gormley, Gormley & Colucci, P.C., Boston, MA, for William C. Geary.

Daniel J. O'Connell, III, O'Connell & Pollenz, Boston, MA, for P. Scott Bratton, Esquire.

Valarie S. Carter, Ronan, Riley & Dever, P.C., Lynnfield, MA, for Louis Haskell.

Robert Wolkon, Wolkon & Pascucci, Boston, MA, for Maria J. Parilla and James Parilla.

Thomas E. Peisch, Michael Garvey Scott, Conn, Kavanaugh, Rosenthal, Piesch & Ford, L.L.P., Boston, MA, for Noemi Dominguez.

## *MEMORANDUM ORDER ON MOTION TO COMPEL RESPONSE TO PLAINTIFFS' THIRD REQUEST FOR PRODUCTION OF DOCUMENTS (# 460)*

COLLINGS, Chief United States Magistrate Judge.

The defendants Jerico Dino and Magdalena Dino (hereinafter "the defendants") are charged in a criminal case in the District of Massachusetts (Cr. No. 99–10130–JLT) in connection with the activities which also form the basis of the civil complaint in the above-styled case. The criminal case is currently set for trial on May 30, 2000 unless the defendants enter pleas of guilty.

The criminal charges against the defendants are in the form of an indictment by a United States Grand Jury. In the above-styled civil case, plaintiffs have served a third request for production of documents upon the two defendants which seeks "[a]ll transcripts and exhibits in the possession of [the defendants] or [their] attorneys from grand jury proceedings in the criminal investigation in Criminal Action No. 99–10130 against [the defendants]."[1] The defendants object on the ground that Rule 6(e), Fed.R.Crim.P., prohibits them from disclosing the materials requested and that the request is "burdensome, harassing and improper." Plaintiffs have filed a Motion to Compel Response to Plaintiffs' Third Request for Production of Documents (# 460). The defendants have opposed.

■ After a review of the papers, all of the defendants' asserted objections, save one, will be overruled. Rule 6(e), Fed.R.Crim.P., imposes no rule of secrecy upon the defendants. To explain, there is a general rule of secrecy of grand jury materials imposed by Rule 6(e)(2), Fed.R.Crim.P., which provides, in pertinent part:

> **(2) General Rule of Secrecy.** A grand juror, an interpreter, a stenographer, an operator of a recording device, an attorney who transcribes recorded testimony, an attorney for the government, or any person to whom disclosure is made under paragraph (3)(A)(ii) of this subdivision shall not disclose matters occurring before the grand jury except as provided for in these rules. *No obligation of secrecy may be imposed on any person except in violation of this rule.*

(Italics added)

Obviously, neither the defendants nor their attorneys are any persons having any of the roles which are specifically listed in Rule 6(e)(2), Fed.R.Crim.P. They are also not persons to whom disclosure has been made pursuant to Rule 6(e)(3)(A)(ii), Fed.R.Crim.P., which deals with disclosure to Government agents. If the defendants have obtained grand jury materials legitimately (and the Court has no reason to think that they have not), they must have been obtained pursuant

---

1. For convenience, the requested documents shall be referred to as "grand jury materials."

to Rule 6(e)(C)(i)(ii), Fed.R.Crim.P., which provides that disclosure of grand jury materials may be had "... when so directed by a court preliminarily to or in connection with a judicial proceeding" and "when permitted by a court at the request of the defendant, upon a showing that grounds may exist for a motion to dismiss the indictment because of matters occurring before the grand jury." And if that is the case, pursuant to Rule 6(e)(2), Fed.R.Crim.P., no obligation of secrecy is imposed upon the defendants.

Accordingly, the objection asserted to the plaintiffs' third request for production of documents that "[they are] prohibited from disclosure under Federal Rules of Criminal Procedure, Rule 6(e) concerning grand jury proceedings" is erroneous and therefore OVERRULED. Further, the objection that the request is "burdensome [and] harassing" is OVERRULED.

■ The defendants' objection that the request is "improper" is quite vague. However, that objection is SUSTAINED because, under the teaching of the case of *Douglas Oil Company of California v. Petrol Stops Northwest*, 441 U.S. 211, 99 S.Ct. 1667, 60 L.Ed.2d 156 (1979), the request is "improper" due to the lack of any notice to the United States Attorney of the fact that the plaintiffs in this civil case are seeking disclosure of grand jury material.

■ *Douglas Oil* instructs that when grand jury material is sought, regardless of whether it be from the court, a United States Attorney, or a private party who might have received it,[2] two evaluations have to be made. The first is to discern the public interest in grand jury secrecy on the facts of the particular case appertaining at the time the request is made. *Douglas Oil*, 441 U.S. at 222,

99 S.Ct. 1667. The second is to determine whether parties seeking disclosure have shown that the "... material which they seek is needed to avoid a possible injustice in another judicial proceeding ..." and that "the need for disclosure is greater than the need for continued secrecy ...". *Id.* "... [T]he court's duty is to weigh carefully the competing interests in light of the relevant circumstances ...". *Id.* at 223, 99 S.Ct. 1667.

■ In making the first evaluation, it is imperative that the Court hear the views of the United States Attorney on the issue. He will know the status of the Grand Jury, the status of its investigation and whether there are reasons why there is a public interest in continued secrecy of grand jury materials. Accordingly, I rule that any motion to compel grand jury materials from a private party which is filed in a civil case as to which the United States is not a party is "improper" unless the motion and all supporting papers are served upon the United States Attorney for the district in which the Grand Jury was empaneled.

■ There is another objection to plaintiffs' request in this case which was not interposed by the defendants but which has validity under the teaching of the *Douglas Oil* case, and that objection is that the request is overbroad, seeking as it does "[a]ll transcripts and exhibits in the possession of [the defendants] or [their] attorneys from grand jury proceedings in the criminal investigation in Criminal Action No. 99–10130 against [the defendants]." Any request for grand jury materials must be "... structured to cover only material ..." as to which a particularized need for disclosure has been shown. *Douglas Oil*, 441 U.S. at 222, 99 S.Ct. 1667. The plaintiffs' request is not "structured";

2. In *Douglas Oil*, the materials were originally requested from the defendants in a civil antitrust case in the District of· Arizona. These same persons (or entities) had been defendants in a criminal antitrust case in the Central District of California. In the criminal case, the defendants had received transcripts of testimony given by their employees before the Grand Jury. The request for these transcripts was made by means of a Rule 34 request to the defendants in the civil case in Arizona. The defendants objected. The defendants "did not pursue their discovery requests by making a motion in the Arizona trial court under Fed.Rule Civ.Proc. 37 to compel

discovery." *Douglas Oil*, 441 U.S. at 218, 99 S.Ct. 1667 (citation omitted). Rather, they sought an order from the U.S. District Court for the Central District of California permitting them to obtain the transcripts. However, what is important for present purposes is that the Supreme Court did not indicate that the analysis is any different if disclosure of grand jury materials is sought by way of a motion to compel the defendants to disclose the grand jury materials in a civil case or a motion to the court having jurisdiction over the grand jury to permit disclosure of the grand jury materials. *See Halperin v. Berlandi*, 114 F.R.D. 8, 13 (D.Mass., 1986).

rather, it is a broad request for "all transcripts and exhibits."

Accordingly, it is ORDERED that the Motion to Compel Response to Plaintiffs' Third Request for Production of Documents (# 460) be, and the same hereby is, DENIED without prejudice. Plaintiffs may, if they chose, seek disclosure of grand jury material in either of two ways. They may file a motion to compel production of grand jury materials in the instant civil case provided the motion seeks disclosure of only those specific materials as to which the plaintiffs are able to demonstrate a particularized need. In such a case, however, the motion and all accompanying papers must be served upon the United States Attorney for the District of Massachusetts, specifically the Assistant U.S. Attorney who presented the case to the Grand Jury and is prosecuting the criminal case against the defendants. Alternatively, the plaintiffs may file a motion pursuant to Rule 6(e)(3)(D), Fed.R.Crim.P., in the criminal case, Cr. 99–10130–JLT, seeking the same disclosure of specified grand jury material from the United States Attorney rather than from the defendants. If this alternative is selected, the plaintiffs must comply with the service requirements of Rule 6(e)(3)(D), Fed.R.Crim.P.